UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AZIZ RAHIM BOOKER,

    Plaintiff,

v.                                                  Case No. 22-C-1567

CHELSEA FOX GOTZ,
MICHELLE LANE,
PATRICIA RILEY,
WILLIAM MICHAEL, and
JOHN/JANE DOES,

    Defendants.

## SCREENING ORDER

    Plaintiff Aziz Rahim Booker, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his rights under federal law were violated by governmental officials or employees. Booker paid the $402 civil case filing fee on January 25, 2023. This matter comes before the Court to screen the complaint.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure

and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

According to Booker, Defendant Chelsea Fox Gotz works as a caseworker for the Kenosha County Department of Children and Family Services (DCFS). Booker asserts that she has been denying him visitation rights with his son. Booker explains that he met with her in April 2021 at the DCFS offices and she mentioned that she believes his son should not know he is his biological father. He also states that Fox Gotz provided false information to the judge on June 30, 2021, in order to make him look like an unfit parent. Booker asserts that she has prevented him "any

2

opportunity to be a father to [his] child." Finally, Booker notes that Fox Gotz requested during a December 12, 2022 court hearing that the mother's contact visits be revised to only writing letters, but his regular contact visits remain a court order. Booker states that Fox Gotz refuses to follow the order and has not helped him write monthly letters to his child, which was ordered due to his disability. Dkt. No. 1 at 3-4.

Booker further asserts that Defendant Michelle Lane is a supervisor at the Kenosha County DCFS who is responsible for employee conduct. He states that he called her twice in February 2021 and left voicemails complaining about Fox Gotz's conduct, but she never returned his calls. Finally, Booker asserts that Defendant Patricia Riley, a Kenosha County Assistant District Attorney, falsely stated that he was not competent to see his child. Dkt. No. 1 at 5.

### THE COURT'S ANALYSIS

It is not clear what Booker believes Defendants did or did not do to violate his constitutional rights. He is currently serving a sentence for a crime. One of the sad consequences for any person who chooses to commit a crime is that, if a prison sentence is imposed, the person is prevented from maintaining a normal parental relationship with his or her children. Instead of caring for one's children in the same household, or at least regularly visiting their children if not members of the same household, those serving prison sentences are unable to visit with their children unless their children come to the prison which, depending on the age of a child and various other circumstances, may not be in the child's best interest. Booker has apparently placed himself in that situation, and it appears his child has been found to be "in need of protection and services" within the meaning of Wisconsin's Children's Code and is under the jurisdiction of the Juvenile Court of Kenosha County. See Wis. Stat. § 48.13

3

In any event, Booker alleges that Fox Gotz failed to facilitate visits with his son consistent with a visitation order, but the Constitution does not require state officials to enforce orders entered by state courts—that "is a matter for the state to work out for itself." *Bowes-Northern v. Miller*, No. 21-3319, 2022 WL 16849058, at *1 (7th Cir. Nov. 10, 2022). He also alleges that Fox Gotz has not helped him write monthly letters to his son, which was ordered because of his disability, but Booker does not explain what disability he has or why a DCFS case worker would have an obligation to assist him with writing letters. Again, to the extent Booker believes Fox Gotz is failing to comply with a state court order, he must raise that issue in state court, not in this court. And to the extent Booker has already raised his concerns in state court and those concerns have not been addressed to his satisfaction, he is reminded that "[f]ederal courts do not superintend the conduct of litigation pending in state court, especially when the question concerns child custody." *Id.*

Booker also fails to state a claim against Michelle Lane, a supervisor at DCFS, who allegedly failed to return his calls. The doctrine of respondeat superior cannot be used to hold a supervisor liable for the constitutional violations of a subordinate. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nothing in Booker's complaint suggests that Lane was involved in Booker's case, let alone that she directed or consented to a violation of his rights. Nor does Booker state a claim against Patricia Riley, the assistant district attorney involved in the Juvenile Court case involving his child. Booker disagrees with comments she made to the state court judge during a hearing, but assistant district attorneys are absolutely immune from liability in §1983 lawsuits for actions that are intimately associated with the judicial phase of a case. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 340-41 (2009).

Booker also fails to state a claim against William Michael. It is not clear who Michael is. Booker asserts only that he did not inform DCFS of a conflict as noted by the state court judge during a hearing, but failing to convey information does not violate the Constitution. And, finally, Booker does not state claims against John or Jane Doe Defendants because his complaint does not contain any allegations about what they did or did not do to violate his rights.

It appears that Booker is upset that he is not able to maintain contact with his son. While the Court acknowledges his frustration, it seems that he needs to be in state court to obtain the relief he wants. Still, the Court will give Booker the opportunity to file an amended complaint that states a *constitutional* claim. Booker should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. It is insufficient to simply conclude that a defendant violated his rights, he must include factual details that describe what happened and how what happened impacted him. Booker is reminded that not every perceived wrong or injury gives rise to a constitutional claim.

If Booker decides to file an amended complaint, it will replace the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Booker files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Booker does not believe he can state a claim, he does not have to take any additional action. If no amended complaint is filed, the Court will dismiss this case based on Booker's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that on or before **March 3, 2023**, Booker may file an amended complaint. If he does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Booker a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Booker is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 2nd day of February, 2023.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge