UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AZIZ RAHIM BOOKER,

    Plaintiff,

  v.                  Case No. 22-C-1567

CHELSEA FOX GOTZ, MICHELLE LANE,
PATRICIA RILEY, and KENOSHA COUNTY,

    Defendants.

## SCREENING ORDER

  Plaintiff Aziz Rahim Booker, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On February 2, 2023, the Court gave Booker the opportunity to file an amended complaint, which he did on March 29, 2023. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

  As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

  "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Booker alleges that, beginning in July 2020, Defendant Chelsea Gotz, who is a social worker with the Division of Children and Family Services, told him he would be permitted to visit his children if a therapist approved the visits. According to Booker, Gotz told the therapist to find that Booker was unfit despite Booker "doing everything he was asked." Booker explains that he informed Defendant Michelle Lane, who was Gotz' supervisor, of what was going on, but she never returned his calls or took any action. Dkt. No. 11 at 4.

Booker also alleges that, despite receiving federal funds, Kenosha County failed to make an adequate plan for him to access his children, failed to provide resources to Booker and foster parents, and refused to help Booker because of his disability. Booker does not identify the resources Kenosha failed to provide him or his disability. Dkt. No. 11 at 4.

Booker next alleges that, in June 2021, Defendant ADA Patricia Riley defamed him when she testified that he was not competent and that he refused to maintain a relationship with his children. Booker asserts that Riley was attempting to manipulate the proceedings, harm his reputation, and deter his children from dealing or associating with him. Dkt. No. 11 at 4.

Booker asserts that Defendants' actions have "caused extreme emotional distress." He states that he is constantly anxious about having a relationship with his children and he feels like a failure as father "because he can't provide, or protect [his children] because of the defendant[s'] actions." Dkt. No. 11 at 5.

## THE COURT'S ANALYSIS

The Seventh Circuit has acknowledged that noncustodial parents "have a constitutionally protected interest in visiting their children," which is "an aspect of parents' right to the 'care, custody, and control' of their offspring." *Terry v. Richardson*, 346 F.3d 781, 784 (7th Cir. 2003) (citing and quoting *Troxel v. Granville*, 530 U.S. 57, 66 (2000)). But nothing in the Constitution suggests that the state has an obligation to subsidize the exercise of that right for parents, such as Booker, who are serving prison sentences from criminal conduct. In other words, government officials are not required to transport an inmate's children to prison so that he can visit with them. Moreover, the right to visit one's children even outside of prison is not absolute and must be balanced against the state's interest in protecting children from abuse. *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 478 (7th Cir. 2011). "The Due Process Clause of the Fourteenth Amendment prohibits the government from interfering in familial relationships unless the government adheres to the requirements of procedural and substantive due process." *Croft v. Westmoreland Cty. Children and Youth Servs.*, 103 F.3d 1123, 1125 (3d Cir. 1997). For the reasons explained below, the amended complaint must be dismissed because it fails to satisfy Fed. R. Civ. P. 8 in that it does not provide Defendants with notice of what they did or did not do to violate Booker's rights and/or it does not contain sufficient factual matter to raise Booker's right to relief above the speculative level.

According to publicly available information on the Wisconsin Department of Corrections offender detail website, https://appsdoc.wi.gov/lop/home/home, and the Wisconsin Circuit Court Access website, https://wcca.wicourts.gov, Booker is currently serving a sentence in connection

3

with a 2015 conviction for manufacturing/delivering cocaine. Booker was first taken into the custody of the Wisconsin Department of Corrections in September 2015; he was released on extended supervision in June 2020; and he was reincarcerated in March 2022 after his supervised release was revoked. *See* https://appsdoc.wi.gov/lop/home/home. The amended complaint is not clear, but it appears that shortly after Booker was released on extended supervision, Gotz, who is a social worker with the Division of Children and Family Services, informed Booker that he could visit his children if a therapist approved the visits. Booker does not explain who, at that point, had custody of his children or whether a court order existed regarding his visitation rights. Booker does not appear to challenge the condition itself, and nothing in the amended complaint suggests that the condition was motivated by anything other than a desire to ensure the safety of the children.

Apparently, the therapist did not approve the visits because Booker alleges that he was not allowed to visit his children. Booker does not sue the therapist; instead, he sues Gotz based on his speculation that she told the therapist to find Booker unfit to visit his children. But even assuming Gotz communicating her beliefs about Booker to the therapist could state a claim in connection with his right to visit his children, Booker offers no facts to support a reasonable inference that Gotz made the statement Booker asserts she made. Booker does not state when or where Gotz made this statement, nor does he explain how he knows Gotz made this statement. Booker is merely speculating that Gotz spoke to the therapist. As explained above, a complaint must contain sufficient factual matter, accepted as true, to allow the Court to draw the reasonable inference that a defendant is liable for the misconduct alleged. "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a claim. Booker asserts, without any factual support, that Gotz undermined his opportunity to visit his children, but his say-so, without factual support, is insufficient to state a claim.

Booker also fails to state a claim against Gotz' supervisor, Lane, who he alleges did nothing to address Gotz' misconduct. But, because Booker does not adequately allege that Gotz violated

4

his rights, he also fails to state a claim against Lane for failing to intervene. *See, e.g., Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004) (explaining that there can be no constitutionally impermissible failure to intervene when there is no violation compelling intervention).

Booker also fails to state a claim against Kenosha County. He vaguely alleges that county officials failed to offer him resources and discriminated against him based on his disability. But, again, Booker offers no factual allegations to support these conclusions. For example, Booker does not allege what resources he was deprived, what disability he allegedly has, or how he was allegedly discriminated against. As the Supreme Court has explained, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim.

Finally, Booker does not state a federal claim against ADA Riley based on the allegedly defamatory opinions she testified to as a witness because "the Constitution does not forbid libel and slander." *Davis v. City of Chicago*, 53 F.3d 801, 804 (7th Cir. 1995) (citations omitted). To the extent ADA Riley was representing the state in Children's Court proceedings involving Booker's children, she would likely be immune from liability for any statement she made to the court in her capacity as an attorney for the state. To the extent she would not be immune, any state law defamation claim would have to be brought in state court. Booker also alleges that ADA Riley opined that he was incompetent "out of spite or frustration for [Booker's] exercise of his constitutional and statutory rights to engage or refuse plea negotiations," but again, he fails to include sufficient factual content to raise his right to relief above the speculative level.

Because Booker was already given an opportunity to amend his complaint to provide sufficient factual matter to state a claim, the Court finds that allowing an additional amendment would be futile.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this  18th   day of April, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.