UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

AZIZ RAHIM BOOKER,

      Plaintiff,

   v.                                        Case No. 22-C-1567

CHELSEA FOX GOTZ, et al.,

      Defendants.

───────────────────────────────────────────────

## DECISION AND ORDER

───────────────────────────────────────────────

      Plaintiff Aziz Rahim Booker, who is confined at Oshkosh Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On December 30, 2022, he filed a complaint alleging that Defendants violated his civil rights. Dkt. No. 1. The Court screened the complaint on February 2, 2023, and concluded it failed to state a claim upon which relief could be granted. Dkt. No. 8. The Court gave Booker the opportunity to file an amended complaint, which he did on March 29, 2023. A few weeks later, on April 18, 2023, the Court dismissed this action after concluding the amended complaint also failed to state a claim upon which relief could be granted. On May 1, 2023, Booker filed a motion for reconsideration citing several Federal Rules of Appellate Procedure, which are not applicable. The Court will construe his motion as one filed under Fed. R. Civ. P. 59(e), which allows a party to file a motion to alter or amend a judgment within twenty-eight days of the entry of judgment. On May 19, 2023, Booker filed a motion for a procedural order, which appears to supplement his motion for reconsideration.

      "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). Booker

does not identify a manifest error of law or present newly discovered evidence. Instead, he explains that he relied on the help of another inmate to prepare the amended complaint, and the other inmate failed to include all the supporting documentation that would have enabled him to state a claim. Booker's declaration in support of his motion for a procedural order includes the documentation that Booker asserts should have been included.

The Court will deny Booker's motions because the supporting documentation confirms that, as the Court explained in the original screening order, Booker must raise his issues in state court, not this Court. Booker attaches several hearing transcripts in an effort to show that Defendants failed to comply with state court orders regarding his visitation rights. But the Due Process Clause does not create a right to federal enforcement of state court orders—that "is a matter for the state to work out for itself." *Bowes-Northern v. Miller*, No. 21-3319, 2022 WL 16849058, at *1 (7th Cir. Nov. 10, 2022). To the extent Booker has already raised his concerns in state court and those concerns have not been addressed to his satisfaction, he is reminded that "[f]ederal courts do not superintend the conduct of litigation pending in state court, especially when the question concerns child custody." *Id.*

Booker also highlights that he was unable to prepare an amended complaint on his own and had to rely on another inmate. But as the Court previously explained, although Booker faces significant challenges, he appeared competent to tell the Court what happened. In any event, his failure to state a claim was not due to any deficiency in his mental competence but to the weakness of his claim. *See Watts v. Kidman*, 42 F.4th 755, 761, 763-64 (7th Cir. 2022).

**IT IS THEREFORE ORDERED** that Booker's motion for reconsideration (Dkt. No. 14) and his motion for procedural order (Dkt. No. 15) are **DENIED**.

Dated at Green Bay, Wisconsin this <u>24th</u> day of May, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge